UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-CV-10428-RGS

CAROL SURPRENANT, Individually and
on Behalf of All Others Similarly Situated

v.

MASSACHUSETTS TURNPIKE AUTHORITY
and MASSACHUSETTS PORT AUTHORITY

ORDER ON DEFENDANTS' MOTION
FOR A PROTECTIVE ORDER

August 23, 2010

STEARNS, D.J.

Plaintiff Carol Surprenant, a Rhode Island resident, is seeking a declaration that certain bridge and tunnel tolls assessed by the Massachusetts Turnpike Authority (MTA) and the Massachusetts Port Authority (MassPort) violate her rights, and the rights of others similarly situated, under the dormant Commerce Clause, Article I, § 8, cl. 3.[1] In its prior Order, the court gave the parties ninety days to complete discovery on the adequacy of the pleading of the Commerce Clause claim.[2] Specifically, the parties were directed to develop the factual record under the test articulated in Pike v. Bruce Church, Inc., 397 U.S. 137, 142 (1970). See March 4, 2010 Mem. and Order at 14-16. The court pointed out, *inter alia*, that the local burdens summarized by MassPort in its brief as warranting a concessionary local toll structure – "increased air, noise, and other environmental

---

[1] A companion claim under the Privileges and Immunities Clause, Article IV, § 2, cl. 1, was dismissed by the court in its Memorandum and Order of March 4, 2010.

[2] The original ninety-day period of discovery was subsequently extended to August 31, 2010, at the parties' request. See Dkt # 53.

pollution, traffic congestion, and more"[3] – were not documented by defendants as they apparently were in an almost identical Superior Court case decided by Judge van Gestel. See Kelen v. Massachusetts Turnpike Auth., 2007 WL 1418510 (Mass. Super. May 3, 2007) (van Gestel, J.).

Surprenant now seeks by way of discovery to have defendants produce a broad array of documents pertaining to the administrative and financial operations of the MTA and MassPort as fiscal and political entities. She argues that language extracted from Evansville -Vanderburgh Airport Auth. Dist. v. Delta Airlines, 405 U.S. 707 (1972) (stating that a concessionary toll to pass muster based must be based on some fair approximation of the cost of use") entitles her to discover documents relating to such matters as "budgeting guidelines," "debt service," "administrative expenses," "land and asset acquisitions," "contributions to the CA/T Project," and so on. Surprenant has done what the court cautioned against in its Memorandum and Order – confusing the test imposed in cases involving a direct tax on interstate commerce with the test applied when a benefit granted to in-state residents has an indirect impact on interstate commerce. Id. at 12, n.11. As the First Circuit summarized the Pike test in Doran v. Massachusetts Turnpike Auth., 348 F.3d 315 (1st Cir 2003):

> [u]nder the Pike balancing test, "[w]here the statute regulates even-handedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits." (quoting Pike, 397 U.S. at 142).

---

[3]The defendants also cited vibration from the use of the bridge and tunnels by large vehicles and vehicles exiting onto local streets.

It is no mystery what Surprenant and most other drivers – in-state or out – pay to use the toll discount programs – pay to use the Summer and Williams Tunnels and the Tobin Bridge. The only issue for the court is whether the benefits in mitigation conferred on local residents who live adjacent to these facilities when compared to the incidental burden placed on users like Surprenant who pay the usual toll is "clearly excessive" from either perspective." Pike, 397 U.S. at 142.

## ORDER

Accordingly, defendants' Motion for a Protective Order is ALLOWED. Plaintiff will confine her discovery to the Pike considerations as articulated by this court in its March 4, 2010 Order. See also Kelen, 2007 WL 1418510, at *8. Plaintiff will have seven (7) days from the date of this Order to serve a renewed and appropriately narrowed and tailored request for production on defendants.[4] Surprenant will be permitted one deposition of each defendant under Fed. R. Civ. P. 30 (b)(6) on topics within the confines of this opinion. The deposition will be limited to seven hours. Plaintiff's second set of interrogatories is stricken. The fact discovery will be completed by September 10, 2010. Defendants supplemental filing is due on September 27, 2010, with plaintiff's supplemental filing due on October 12, 2010.

SO ORDERED.

/s/ Richard G. Stearns

_____

---

[4]What is discoverable is the manner in which the authorities calculated the costs of burdens placed on its neighbors. What is not discoverable is general information relating the financial operation of the authorities as a whole.

3

UNITED STATES DISTRICT JUDGE